UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01856 PA (PLAx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | Brenda Core v. Robert Nese, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Dismiss the Action Pursuant to FRCP Rule 11 and For Monetary Sanctions Against Plaintiff and Her Attorneys of Record ("Motion") filed by defendants Robert Nese and Rose Ann Nese ("Defendants"). (Dkt. No. 25.) Plaintiff Brenda Core ("Plaintiff") filed an Opposition (Dkt. No. 26 ("Opp.")) and Defendants filed a Reply (Dkt. No. 27). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearing calendared for July 6, 2020, is vacated, and the matter taken off calendar.

**I.     Background**

Plaintiff alleges she has a Marfan related condition which causes medical problems in her connective tissue. (Dkt. No. 1 ("Compl.") ¶ 1.) This condition causes Plaintiff to have trouble standing and walking, and Plaintiff has to use a cane or walker as needed. (Id.)

As alleged in the Complaint, Defendants own property located at 1215 E. Colorado Street in Glendale, California. (Id. ¶ 2.) There is a nail salon and perfume parlor located on the property, both of which Plaintiff allegedly visited. (Id. ¶ 3.) Plaintiff alleges she "visited the public accommodations owned and operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages or accommodations operated and/or owned by Defendants." (Id. ¶ 6.)

Plaintiff alleges that when she visited Defendants' property, she "encountered barriers . . . that interfered with - and denied - Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property." (Id. ¶ 14.) Plaintiff alleges that when she visited the Property, she "experienced access barriers related to parking, walkways, sidewalks, entrances and other facilities." (Id. ¶ 18.) Plaintiff alleges the Property "does not have any accessible parking[,] the Property] has no accessibility signs[,] has no elevator[,] has no ramps[,]" and only has steps to get inside the shops. (Id. ¶ 19.) In addition, Plaintiff alleges the "entire parking area is on a backward slope" and there "are no accessible paths to get to a ramp." (Id.) Further, Plaintiff alleges violations related to the Property's door weight and ramp access through the door. (Id.) Finally, Plaintiff alleges the building does not have a lowered accessible counter. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01856 PA (PLAx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | Brenda Core v. Robert Nese, et al. | | |

Plaintiff filed her Complaint against Defendants on February 26, 2020 for violations of (1) the Americans with Disabilities Act of 1990 (the "ADA"), and (2) California's Unruh Civil Rights Act. (Id.)  On March 12, 2020, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law Unruh Civil Rights Act claim.  (Dkt. No. 16.)  Thus, the only remaining claim is Plaintiff's claim for injunctive relief under the ADA.

On June 2, 2020, Defendants filed the present Motion, seeking to dismiss Plaintiff's remaining claim as frivolous pursuant to Federal Rule of Civil Procedure 11.  In addition, Defendants seek $25,000 in sanctions against Plaintiff.

**II.     Legal Standard**

"The central purpose of Rule 11 is to deter baseless filings." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (partially superseded, on other grounds by 1993 Rule 11 amendment). Purposes of Rule 11 "sanctions include to deter dilatory or abusive pretrial tactics, to avoid delay and unnecessary expense, and to streamline litigation." Altmann v. Homestead Mortg. Income Fund, 887 F. Supp. 2d 939, 955 (E.D. Cal. 2012) (citing Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir. 1986)).  "[S]anctions must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.'" Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990).  "Frivolous" denotes "a filing that is both baseless and made without a reasonable and competent inquiry." Id. at 1358.

Rule 11 "creates an objective standard of reasonableness under the circumstances." Golden Eagle, 801 F.2d at 1536.  The Ninth Circuit Court of Appeals has articulated the objective reasonableness standard:

> As we have observed, the subjective intent of the pleader or movant to file a meritorious document is of no moment.  The standard is reasonableness.  The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district.

Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir. 1986) abrogated on other grounds, Cooter & Gell v. Harmarx Corp., 496 U.S. 384, 399-400 (1990).  "If, judged by an objective standard, a reasonable basis for the position exists in both law and fact at the time that the position is adopted, then sanctions should not be imposed." Golden eagle, 801 F.2d at 1538.

Rule 11 "imposed on any party who signs a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." Business Guides, Inc. v. Chromatic Communications Enterprises, Inc, 498 U.S. 533, 551 (1991).  The Ninth Circuit has further explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01856 PA (PLAx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | Brenda Core v. Robert Nese, et al. | | |

> Sanctions should be imposed if (1) after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law or if (2) a pleading has been interposed for any improper purpose.

Golden Eagle, 801 F.2d at 1537 (internal quotations omitted).

"The pleader, at a minimum, must have a good faith argument for his or her view of what the law is, or should be." Altman, 887 F. Supp. 2d at 956. "A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after a reasonable inquiry." Id. (internal quotations omitted). "Such inquiry is that amount of examination into the facts and legal research which is reasonable under the circumstances of the case." Id. Rule 11 sanctions should be assessed "if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Id.

Imposing sanctions under Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'r Pension Tr. v. A-C-Co., 859 F.2d 1336, 1345 (9th Cir. 1988). As such, courts have "significant discretion" when determining whether to award sanctions. See Fed. R. Civ. P. 11(b).

**III.   Analysis**

Defendants argue Plaintiff and her counsel "filed this action without any investigation of the facts and law, probably without [P]laintiff ever visiting the property, to extort a settlement from [D]efendants." (Mot. at 4.) Defendants first argue that "on March 2019, July 2019, and November 2019 . . . when [P]laintiff allegedly visited the property, there was an accessible parking space that had been installed in September 2019 at the rear of the building that [P]laintiff should have seen." (Id. at 5.) Second, Defendants argue "there is no regulation that requires installation of an elevator under the readily achievable requirements." (Id.) Third, Defendants claim the "entire parking area is not a backward slope that plaintiff and her counsel would have known had they looked at the very prominent 'parking in rear' sign and accessible entrance . . . that were existing on the property at the time of [P[laintiff's alleged visits." (Id.) Fourth "there is a ramp to [the nail salon] that [P]laintiff allegedly visited that would obviously have [been] seen if [Plaintiff] actually visited the Property." (Id.) Fifth, Defendants argue Plaintiff "and her counsel completely missed the sign in the window of [the perfume shop] that advised the disabled to call the telephone number of the shop for assistance," and that it is "obvious that there are stairs and the sign was installed to provide an alternative method of service." (Id.) Finally, Defendants argue that the "door pressure" Plaintiff complains about is only as to the perfume shop which is not accessible and "not required to be made accessible," and therefore Defendants have no duty to undertake remediation. (Id. at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01856 PA (PLAx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | Brenda Core v. Robert Nese, et al. | | |

Defendants further states that when they urged counsel for Plaintiff to "dismiss this case, [Plaintiff's counsel] claimed an investigator inspected the property before the lawsuit was filed, accused [Defendants' counsel] of fabricating facts, and demanded $17,500 to settle the case." (Id. at 7.)

Defendants claim they were previously sued by Chris Langer and the Center for Disability Access in 2018, in a case entitled Langer v. Nese, 18-cv-06711-SJO-RAO, filed August 6, 2018. (Dkt. No. 25-2, Decl. of Robert Nese, ¶ 5.) As part of that settlement agreement, Defendants "agreed to install a van accessible parking space in the parking area at the back of the building, install an accessible entrance sign and have the [perfume store] install a sign in the window advising the disabled to call the business for assistance." (Id.)

In addition to dismissing Plaintiff's Complaint, Defendants' counsel seeks $25,000 in sanctions against Plaintiff's counsel for what appears to be Defendants' counsel's anticipated attorney fees in this action. Defendants' counsel's declaration states he "spent 20 hours for the meet and confer on Rule 26 conference and for the Rule 11 motion, [and] for the preparation of the Initial Disclosure." (Dkt. No. 25-13, Decl. of James S. Link ¶ 16.) Defendants' counsel further states he "anticipate[s] spending 8 hours for the preparation of responses to discovery for the defendants, . . . 12 hours for the preparation for and attendance at the deposition of the defendants and for the site inspection, . . . [and] 10 hours for the preparation of a reply to the opposition to this motion." (Id. ¶ 16.) Defendants' counsel further states his hourly rate for this work is $500.00. (Id. ¶ 17.)

In response, Plaintiff argues in part that Defendants' Motion does not establish grounds for imposing Rule 11 sanctions because the Complaint was not frivolous, unreasonable or presented for an improper purpose. (Opp. at 3.) Plaintiff states Defendants' Motion is subject to Rule 11 sanctions, and "requests reimbursement of her attorney's fees and costs in connection with opposing Defendants' meritless Motion filed in violation of Rule 11." (Id. at 25.)

The Court finds that neither party is entitled to Rule 11 sanctions. First, the Court cannot conclude based on the evidence before it that Plaintiff's Complaint is frivolous, legally unreasonable, or without any factual foundation. "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodation by the defendant because of his disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." Vogel v. Rite Aid. Corp., 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014). The term "readily achievable" means "easily accomplished and able to be carried out without much difficulty or expense." Id.

Here, Defendants argue, for example, that making the perfume shop accessible to people like Plaintiff is not "readily achievable." In support of this argument, Defendants cite to a prior settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01856 PA (PLAx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | Brenda Core v. Robert Nese, et al. | | |

agreement, in which the parties in a prior case agreed that making the perfume shop accessible was not readily achievable, and instead agreed Defendants could use a sign to alert disabled patrons of alternative means of service.  However, the fact that prior parties agreed to what is readily achievable does not mean that this Court would agree.  In order to determine whether making the perfume shop accessible for disabled patrons under the ADA is readily achievable, the Court needs additional factual information, including how expensive such an endeavor would be.  In addition, there appears to be some dispute over whether the settlement in the prior litigation actually involved the perfume shop at issue, or some other shop on Defendants' premises.  Finally, the Court finds there are other alleged accessibility barriers at issue, such as a lowered counter and door weight, that the Court cannot currently conclude lack any merit.

In addition, the Court finds that Defendants' Rule 11 Motion is not frivolous, legally unreasonable, or without factual foundation.  Defendants do present some evidence that contradicts the allegations made in Plaintiff's Complaint.  For example, Defendants present photos of a handicap accessible parking spot on the Property, while Plaintiff alleges there is no accessible parking space.  However these disputes are better resolved on a motion for summary judgment.

**Conclusion**

For all of the foregoing reasons, the Court denies Defendants' Motion to Dismiss under Rule 11 and for sanctions under Rule 11.  The Court further denies Plaintiff's request for Rule 11 sanctions.

IT IS SO ORDERED.